IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRED L. NANCE JR., )
　) 
　Plaintiff, )
　)
v. ) No.  04 C 1833
　)
CHICAGO CHRISTIAN INDUSTRIAL )
LEAGUE, )
　)
　Defendant. )
　)

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred L. Nance, Jr., an African-American male, was employed by defendant Chicago Christian Industrial League ("CCIL") from November 12, 2002 until his termination on August 25, 2003. Mr. Nance was initially employed as a Client Support Facilitator in the Single Adult program at CCIL. In February 2003, Johnny Henderson, Mr. Nance's supervisor at the time, determined as a result of complaints that Mr. Nance was not suited for working directly with CCIL's homeless clients. Mr. Nance was transferred to the Education Department of the Single Adult program, working as the Policy & Procedure Analyst. Mr. Nance's supervisor in his new position was Felix Matlock.

On March 10, 2004, Mr. Nance filed a three-count complaint, alleging wrongful discharge (Count I); race, sex, and age discrimination (Count II); and disparate treatment (Count III). On August 10, 2004, I granted CCIL's motion to dismiss Counts I and

III. On September 20, 2004, Mr. Nance filed his First Amended complaint, alleging race, sex, and age discrimination (Count I) and vicarious liability (Count II), against both CCIL and a number of individual defendants. On October 4, 2004, I dismissed Count II and the individual defendants; paragraphs 1 through 11 were also stricken from the amended complaint. On that same date, Count I was clarified to include both claims of disparate treatment on the basis of race, sex, and age, and of a hostile environment. CCIL now moves for summary judgment on those remaining claims. I grant that motion, for the reasons stated below.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

However, in this case Mr. Nance has failed to properly comply with Local Rule 56.1, which requires him to file

> a concise response to the movant's statement that shall contain:
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary

judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). Mr. Nance does attempt to dispute some of the statements in CCIL's Rule 56.1(a) filing. However, his denials are often not supported by the record, and where Mr. Nance does reference the record, he refers to the entirety of the exhibits he has submitted. Mr. Nance's pro se status does not excuse his failure to properly present a 56.1 filing.[1] The fact-intensive nature of employment discrimination cases dictates that litigants present precise references to the record when presenting or contesting a specific fact. *See, e.g., Greer v. Bd. of Educ. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001)("neither appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes...'"). In an abundance of caution, however, I have examined Mr. Nance's filings and find that his claims also fail on the merits.

The first segment of Mr. Nance's claims is that he was subjected to disparate treatment, or discrimination, on the basis of his race, sex, and age, pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). As Mr. Nance does not present direct evidence to support his claims, he must proceed under the

---

[1] Pursuant to local rule, defendant gave notice to Mr. Nance of what he was required to do to contest defendant's Local Rule 56.1 filing.

indirect method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of race or sex discrimination under this analysis, Mr. Nance must show that (1) he was a member of a protected class; (2) he was meeting CCIL's legitimate business expectations; (3) he suffered an adverse employment action; and (4) similarly-situated employees, not in the protected class, were more favorably treated. *Greer*, 267 F.3d at 728. The analysis is the same under the ADEA. *Griffin v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004).

Mr. Nance fulfills the first requirement as far as race and age: he is an African-American and was over 40 at the time of the complained-of events. Mr. Nance's sex discrimination claim is potentially more troublesome, but as explained below, his failure to meet other requirements of the *McDonnell Douglas* method moots this question. Mr. Nance has also suffered an adverse employment action: he was terminated. Whether Mr. Nance was meeting CCIL's legitimate business expectations is in dispute. However, Mr. Nance's claims must fail because he is unable to identify a similarly-situated employee, who is white, female, and/or under 40, who was treated more favorably.

To constitute similarly-situated employees, the named employees must be "directly comparable to [the plaintiff] in all material respects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Factors to consider include whether the

4

employees reported to the same supervisor, whether their job responsibilities were the same, whether they were subject to the same standards, and whether they had comparable education, experience, and qualifications for their position. *Id.* When Mr. Nance was terminated, he was working for the Education Department at CCIL, reporting to Mr. Matlock, with the job title and responsibilities of Policy & Procedure Analyst. Mr. Nance identifies eight CCIL employees in various portions of his filings, whom he claims were similarly-situated, yet more favorably treated: Monique Cleminson, Lisa Saleh, Sharon Lewis, Carmen Vision, Ron Yael, Donna Kemp, Laura Negele, and Madeline Bell. Mr. Nance makes no showing that these individuals shared his job title or responsibilities. Mr. Nance also makes no showing that any of the individuals reported to Mr. Matlock or were assigned to the Education Department, and he provides no information as to the individuals' education, previous experience, or other qualifications. Having failed to present even one CCIL employee who was similarly-situated yet more favorably treated, Mr. Nance cannot prevail on his claims of disparate treatment.

The second segment of Mr. Nance's claims is that he was subjected to a hostile environment in the CCIL workplace. To establish his claim of a sexually harassing hostile environment, Mr. Nance must show that he was subjected to harassment "so severe or pervasive as to alter the conditions of [his] employment and

create an abusive working environment." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462 (7th Cir. 2002). The harassment must have been because of Mr. Nance's sex, and must be both objectively and subjectively hostile or abusive. *Id.* at 462-63. Mr. Nance does not make such a showing. While he complains that Deborah Green and Annie Ford continually harassed him from the time his employment with CCIL began, he does not allege that it was because of his sex. Further, the only acts Mr. Nance complains of, other than his conclusory statements that he was harassed, are a reduction in his job duties after his transfer and ongoing complaints about his work from Ms. Green and Ms. Ford. Nothing in the record suggests that this alleged harassment was because of Mr. Nance's sex, nor that it was so severe or pervasive as to rise to the level of a hostile environment.

As Mr. Nance cannot prevail on either his disparate treatment or his hostile environment claims, I grant CCIL's motion for summary judgment.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: April 27, 2005